IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID MATSUURA, ET AL., | CIVIL NO. 96-01180 SOM-LEK |
| Plaintiffs, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, | |
| Defendants. | |
| FUKU-BONSAI, INC., ET AL., | CIVIL NO. 97-00716 SOM-LEK |
| Plaintiffs, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | |
| Defendants. | |
| | CIVIL NO. 99-00660 SOM-LEK |
| LIVING DESIGNS, INC., ET AL., | |
| Plaintiffs, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | |
| Defendants. | |
| | CIVIL NO. 00-00328 SOM-LEK |
| MCCONNEL, INC., a CALIFORNIA CORPORATION, | |
| Plaintiff, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, | |
| Defendant. | |
| | CIVIL NO. 00-00615 SOM-LEK |

```
ANTHURIUM ACRES, ET AL.,        )
                                )
         Plaintiffs,            )
                                )
     vs.                        )
                                )
E.I. du PONT DE NEMOURS AND     )
COMPANY,                        )
                                )
         Defendant.             )
_____ )
```

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
E.I. DU PONT DE NEMOURS AND COMPANY'S MOTION TO
STRIKE THE 2006 EXPERT REPORTS BY J. ANDERSON BERLY AND
<u>JAMES VENTURA ON UNTIMELINESS GROUNDS, FILED OCTOBER 2, 2006</u>**

Before the Court is Defendant E.I. du Pont de Nemours and Company's ("DuPont") Motion to Strike the 2006 Expert Reports by J. Anderson Berly and James Ventura on Untimeliness Grounds, filed October 2, 2006 ("Motion"). Plaintiffs David Matsuura, Individually and dba Orchid Isle Nursery, and Stephen Matsuura, Individually and dba Hawaiian Dendrobium Farm, Fuku-Bonsai, Inc. and David W. Fukumoto, Living Designs, Inc. and Plant Exchange, Inc., McConnell, Inc., Anthurium Acres and Mueller Horticultural Partners (collectively "Plaintiffs") filed their memorandum in opposition to the Motion on October 19, 2006. DuPont filed its reply on October 24, 2006. This matter came on for hearing on November 6, 2006. Appearing for Plaintiffs were Carl H. Osaki, Esq., Stephen T. Cox, Esq., and Kris A. LaGuire, Esq. Appearing for DuPont were Warren Price, III, Esq., Kenneth T. Okamoto, Esq., and Susan C. Wilson, Esq. After careful consideration of

the Motion, supporting and opposing memoranda, and the arguments of counsel, this Court GRANTS IN PART and DENIES IN PART the Motion for the reasons set forth below.

**BACKGROUND**

The history of the consolidated cases is long and has been thoroughly described in <u>Living Designs v. E.I. DuPont de Nemours & Co.</u>, 431 F.3d 353 (9th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 2861 (2006).  <u>See also</u> <u>Matsuura v. E.I. DuPont de Nemours & Co.</u>, 102 Hawai`i 149, 73 P.3d 687 (2003).  Plaintiffs are commercial growers who filed lawsuits in 1992 and 1993 against DuPont, the manufacturer of a systemic fungicide which was marketed under the name of Benlate, alleging that Benlate killed their plants ("Underlying Litigation").  Plaintiffs and DuPont settled the Underlying Litigation in 1994.  At the heart of the consolidated cases is Plaintiffs' allegation that DuPont "fraudulently withheld evidence of Benlate's contamination to induce Plaintiffs to settle their underlying Benlate litigation." <u>Living Designs</u>, 431 F.3d at 358.  The claims presently being litigated in the consolidated cases are: civil RICO claims, fraud, misrepresentation, and non-fraud claims.[1]

On June 7, 2004, judgment was entered in favor of DuPont and Plaintiffs' claims were dismissed with prejudice.

---

[1] Plaintiffs' negligence and spoliation claims have been dismissed.  <u>See</u> <u>Living Designs</u>, 431 F.3d at 371-72.

Plaintiffs appealed.  On appeal, the Ninth Circuit reversed and remanded this case to the district court.  A trial re-setting conference was held on February 13, 2006 and a new Rule 16 scheduling order was issued on February 17, 2006 ("Scheduling Order").  Among other dates, the Scheduling Order gave Plaintiffs a deadline of May 15, 2006 to submit expert disclosures and expert reports as to damages only.  On May 15, 2006, Plaintiffs filed expert reports, including those for J. Anderson Berly, III ("Berly"), James F. Ventura ("Ventura"), Thomas Ueno, C.P.A., and Richard Constand, Ph.D.  Ventura has two reports: one dated May 10, 2006 ("5/10/06 Report") and another dated May 15, 2006 ("5/15/06 Report").

## **DISCUSSION**

DuPont seeks to have Berly's and Ventura's expert reports filed on May 15, 2006 (collectively "2006 Reports") stricken because these reports were not timely filed and the Scheduling Order did not permit Plaintiffs to submit new reports from Berly and Ventura.  DuPont argues that the May 15, 2006 deadline for expert reports was limited to Constand's expert report because Plaintiffs' prior economics expert, Dr. George C. Revy, suffered from a medical condition and could not continue with his obligations as an expert witness.  DuPont disputes that the Scheduling Order permits Berly and Ventura to supplement their prior expert reports and argues that, even if

supplementation is permitted, the 2006 Reports are not supplemental reports.  According to DuPont, the 2006 Reports are new reports containing opinions different from those expressed in Berly's and Ventura's 2002 reports and they are based on information which was not available in 2002.  Lastly, DuPont argues that it does not have to demonstrate prejudice, only that the reports were untimely filed.

Plaintiffs submit that the Scheduling Order does permit them to submit Berly's and Ventura's 2006 Reports, and they argue that it was not limited to an economics expert, such as Constand. Plaintiffs point to the Scheduling Order's reference to "damages only".  Further, Plaintiffs point to Fed. R. Civ. P. 26(e)(1)'s requirement that parties must supplement their expert reports to take into account new information acquired after the report was issued.  Plaintiffs argue that Berly's and Ventura's 2006 Reports are nothing more than supplemental reports with additional evidence developed since the 2002 reports.  Alternatively, in the event that these reports are found to be untimely, the reports should not be stricken because the untimeliness was substantially justified and any violation of Fed. R. Civ. P. 16(b) is harmless.

The Scheduling Order's May 15, 2006 deadline for expert reports was only permitted because Dr. Revy's medical condition prevented him from performing his obligations as an expert witness, and therefore only Constand's report could be filed by

this date.  Berly and Ventura had already filed expert reports prior to the trial-resetting conference held on February 13, 2006.  Berly's and Ventura's 2006 Reports are permissible only if: (1) they are supplemental reports as required by Rule 26(e); or (2) Plaintiffs can demonstrate that there is substantial justification for the failure to disclose these reports before the deadline expired, and such failure is harmless.

As Berly and Ventura are retained expert witnesses, Plaintiffs are obligated to file expert reports for these witnesses regarding their opinions.  <u>See</u> Fed. R. Civ. P. 26(a)(2)(B).  These reports must be submitted by the deadline given by the court, and the expert reports must be supplemented as required by Rule 23(e)(1).  <u>See</u> Rule 26(a)(2)(C) ("These disclosures shall be made at the times and in the sequence directed by the court. . . .  The parties shall supplement these disclosures when required under subdivision (e)(1).").

Rule 26(e)(1) provides:

> (e) Supplementation of Disclosures and Responses.
> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>    (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made

>     known to the other parties during the discovery
>     process or in writing.  With respect to testimony
>     of an expert from whom a report is required under
>     subdivision (a)(2)(B) the duty extends both to
>     information contained in the report and to
>     information provided through a deposition of the
>     expert, and any additions or other changes to this
>     information shall be disclosed by the time the
>     party's disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P 26(e)(1).  Parties should, and are required to, provide additional or corrective information for an expert's opinions, but they cannot submit reports "significantly different from the original reports and, in affect, alter[] their theories."  Beller ex rel. Beller v. United States, 221 F.R.D. 689, 695 (D.N.M. 2003).  "A supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)."  Cook v. Rockwell Int'l Corp., No. Civ. A 90-CV-00181-J, 2006 WL 3533049, at *87 (D. Colo. Dec. 7, 2006) (citations omitted).  With this framework in mind, the Court turns to Berly's and Ventura's 2006 Reports.

        **1.**  **Berly's 2006 Report**

The first and second pages of his report, and the first three paragraphs of the third page, provide additional information supporting his prior opinions.  The last two paragraphs on page three, and the fourth page of Berly's 2006 Report exceed the bounds of permissible supplementation and thus

must be excluded. The fifth page of his report appears to be merely commentary rather than an expert opinion. To the extent it is being offered as an "expert opinion", this opinion is not contained in his prior reports and therefore exceeds the bounds of permissible supplementation and must be excluded.

### 2. **Ventura's 5/10/06 and 5/15/06 Reports**

The first page and the first three full paragraphs of the second page of his 5/10/06 Report provide additional information supporting his prior opinions. The last paragraph of page two and page three in its entirety exceed the bounds of permissible supplementation and thus must be excluded.

Ventura's 5/15/06 Report refers to declarations provided by certain plaintiffs in this action as "expert reports". Unlike the information in the depositions of DuPont's witnesses and Plaintiffs' counsel in the Underlying Litigation, Kevin Malone, the information contained in the plaintiffs' declarations was readily available to Plaintiffs' counsel prior to the preparation of Berly's and Ventura's 2002 reports. The Court finds that Ventura's 5/15/06 Report exceeds the bounds of permissible supplementation and thus requires exclusion.

To the extent that Plaintiffs seek to add opinions that were not disclosed prior to the Scheduling Order's deadline for Berly and Ventura, Rule 37(c)(1) requires that where "[a] party that without substantial justification fails to disclose

8

information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  Fed. R. Civ. P. 37(c)(1); see also Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005) (exclusion of evidence from a witness that was not timely disclosed unless substantial justification for failure to timely disclose is shown, and the failure is not harmless).  This Court cannot conclude that Plaintiffs have met these requirements.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED as follows:

1.  for Berly's 2006 Report, the last two paragraphs on page three, and the fourth and fifth pages of his report exceed the bounds of permissible supplementation and must be excluded;

2.  for Ventura's 5/10/06 Report, the last paragraph of page two, and page three in its entirety exceed the bounds of permissible supplementation and must be excluded;

3.  Ventura's entire 5/15/06 Report exceeds the bounds of permissible supplementation and must be excluded; and

4.  to the extent that Plaintiffs seek to add opinions that were not disclosed prior to the Scheduling Order's

deadline for Berly and Ventura, they have not demonstrated that there is substantial justification for their failure to disclose in a timely manner, nor have they shown that the failure is harmless.

In all other respects, the Motion is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 6, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID MATSUURA, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY; FUKU-BONSAI, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL.; LIVING DESIGNS, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL; MCCONNEL INC. V. E.I. DU PONT DE NEMOURS AND COMPANY; ANTHURIUM ACRES, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY**; CIVIL NOS. 96-01180; 97-00716; 99-00660; 00-00328 AND 00-00615 SOM-LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT E.I. DU PONT DE NEMOURS AND COMPANY'S MOTION TO STRIKE THE 2006 EXPERT REPORTS BY J. ANDERSON BERLY AND JAMES VENTURA ON UNTIMELINESS GROUNDS, FILED OCTOBER 2, 2006